## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## CLARKSBURG DIVISION

TIMOTHY CUMPSTON,

       Plaintiff,

    v.

CENTRAL SUPPLY COMPANY
OF WEST VIRGINIA, and
PATRICK SCOTT TUCKER,

       Defendants.

ELECTRONICALLY
FILED
April 19, 2017
U.S. DISTRICT COURT
Northern District of WV

Civil Action No.  1:17-CV-61 (Keeley)

### DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants, Central Supply Company of West Virginia ("Central Supply") and Patrick Scott Tucker (collective referred to as "Defendants"), through their undersigned counsel, hereby give notice of their removal of the above action from the Circuit Court of Harrison County, West Virginia to the United States District Court for the Northern District of West Virginia, Clarksburg Division. For the reasons stated below, removal of this action is proper because Plaintiff alleges a denial of his rights under the Family Medical Leave Act Act, 29 U.S.C. § 2601, *et seq*. ("FMLA"). Therefore, this Court has federal question jurisdiction under 28 U.S.C. § 1331. As grounds therefor, Defendants further state as follows:

### STATE COURT ACTION

1.      Plaintiff Timothy Cumpston commenced this action by filing a Complaint on or about March 30, 2017 against Defendants in the Circuit Court of Harrison County, West Virginia, Civil Action No. 17-C-112.

2.      Plaintiff's Complaint asserts claims against the Defendants for (1) violation of the FMLA (Compl. ¶¶ 14 – 19); (2) disability discrimination in violation of the West Virginia

Human Rights Act (Compl. ¶¶ 20 – 25); (3) retaliatory discharge (Compl. ¶¶ 26 – 32); (4) violation of the West Virginia Wage Payment and Collection Act (Compl. ¶¶ 33 – 36); (5) outrage (Compl. ¶¶ 37 – 40); and (6) short term disability insurance retaliation (Compl. ¶¶ 41 – 45).

      3.      Service of the Summons and Complaint on Mr. Tucker was effectuated by certified mail on or about April 4, 2017. Service of the Summons and Complaint on Central Supply was effectuated by the Office of the Secretary of State for the State of West Virginia on or about April 4, 2017.

      4.      A true and correct copy of the Complaint served upon Defendants is attached hereto as **Exhibit 1**.

      5.      This notice is timely filed pursuant to 28 U.S.C. § 1446(b), in that it is filed within thirty (30) days from the date Defendants were served with the Complaint.

### GROUNDS FOR REMOVAL

      6.      This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2611. This action may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 in that it raises a federal question.

      7.      The allegations set forth in Count 1 of Plaintiff's Complaint (Compl. ¶¶ 14 – 19) demonstrate that this is a civil action seeking relief for alleged violations of the FMLA, 29 U.S.C. § 2601, *et seq*. Specifically, the Complaint alleges that "Defendant Central Supply is a covered employer under the FMLA," (Compl. ¶ 15) that "Plaintiff['s] medical condition qualified him for FMLA leave," (Compl. ¶ 17) and that "[o]n or about August 22, 2016, Plaintiff's employment was terminated, wrongfully denying him of FMLA benefits." (Compl. ¶ 18).

8.     In addition, this Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over the remainder of Plaintiff's claims. *See* 28 U.S.C. §§ 1367, 1441(c). In any civil action in which this Court has original jurisdiction, it also has supplemental jurisdiction under 28 U.S.C. § 1367(a) over all state claims that are so related to the claims in the action within its original jurisdiction that they form part of the same controversy. Here, Plaintiff's state law claims incorporate many of the same allegations in support of Plaintiff's FMLA claim. For that reason, the state law claims are based on the same facts, events, transactions, and concurrences as to form part of the same case and controversy. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims.

## REMOVAL REQUIREMENTS

9.     This is a civil suit brought in the Circuit Court of Harrison County, West Virginia, and, accordingly, pursuant to 28 U.S.C. §§ 129, 1441(a) and 29 U.S.C. § 2617, the Clarksburg Division of United States District Court for the Northern District of West Virginia is the proper forum for removal.

10.     In accordance with 28 U.S.C. § 1446(a), all process, pleadings and orders that have been served upon Defendants to date in this matter are annexed to this Notice of Removal as **Exhibit 1**. A copy of the circuit court docket sheet is attached as **Exhibit 2**.

11.     This Notice of Removal has been verified by counsel for the Defendants, in compliance with the requirements of 28 U.S.C. § 1446(a) and Rule 11 of the Federal Rules of Civil Procedure.

12.     In accordance with 28 U.S.C. § 1446(d), a true and complete copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of Harrison County, West Virginia and served upon Plaintiff.

**WHEREFORE**, Defendants Central Supply Company of West Virginia and Patrick Scott Tucker remove this action to this Court, and respectfully request that this Court accept jurisdiction of this action and that this action be henceforth placed on the docket of this Court for all further proceedings as though the same action had been originally commenced in this Court.

Dated: April 19, 2017

Respectfully submitted,

**CENTRAL SUPPLY COMPANY OF WEST VIRGINIA, and PATRICK SCOTT TUCKER**

BY:   LITTLER MENDELSON, P.C.

*/s/   J. Todd Bergstrom*
Richard M. Wallace (WV State Bar No. 9980)
rwallace@littler.com
J. Todd Bergstrom (WV State Bar No. 11385)
tbergstrom@littler.com
Chase Tower
707 Virginia Street East, Suite 1010
Charleston, WV 26505
304.599.4628
304.982.8082 (fax)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## CLARKSBURG DIVISION

TIMOTHY CUMPSTON,

      Plaintiff,

v.

CENTRAL SUPPLY COMPANY
OF WEST VIRGINIA, and
PATRICK SCOTT TUCKER,

      Defendants.

Civil Action No.    1:17-CV-61 (Keeley)

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 19th day of April, 2017, a true and correct copy of ***Defendants' Notice of Removal*** was filed via the Court's electronic filing system. Notice of filing will be performed by the Court's electronic filing system, and the following parties may access the document through the electronic filing system.

Karl Kolenich, Esquire (WV Bar # 12446)
Klie Law Offices, PLLC
85 W. Main St.
Buckhannon, WV 26201
304.472-1126
karl@klielawoffices.com

*Counsel for Plaintiff*

    */s/ J. Todd Bergstrom*
    J. Todd Bergstrom (WV Bar No. 11385)