S U M M O N S

CIRCUIT COURT OF HARRISON COUNTY, WEST VIRGINIA

TIMOTHY CUMPSTON

                  Plaintiff

v.                 17-C-112         CHRISTOPHER JOHN MCCARTHY

CENTRAL SUPPLY COMPANY OF WEST VIRGINIA
209 WEST WASHINGTON STREET
CHARLESTON     WV   25302

PATRICK SCOTT TUCKER
31 HICKORY DRIVE
FAIRMONT     WV   26554

                  Defendant

To the Above-Named Defendant(s):
IN THE NAME OF THE STATE OF WEST VIRGINIA,

    you are hereby summoned and required to serve upon
    KARL KOLENICH
    Plaintiff's attorney whose address is
    85 W. MAIN STREET
    BUCKHANNON, WV 26201

an answer, including any related counter-claim you may have, to the complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counter claim in the above-styled civil action.

DATED: 03/30/17

                                          ALBERT F. MARANO, CLERK
                                          Harrison County Circuit Court
                                          By: _____, Deputy

**EXHIBIT 1**

## CIVIL CASE INFORMATION STATEMENT
### CIVIL CASES
(Other than Domestic Relations)

In the Circuit Court, **Harrison** County, West Virginia

### I. CASE STYLE:

**Plaintiff(s)**

Timothy Cumpston

c/o Klie Law Offices, PLLC

85 W. Main St., Buckhannon, WV 26201

Case # 17-C-112-1

Judge: McCarthy

vs.

**Defendant(s)** Central Supply Company of WV
Corporation Service Company

209 West Washington Street

Charleston, WV 25302

City, State, Zip

Patrick Scott Tucker

31 Hickory Drive

Fairmont, WV 26554-7440

City, State, Zip

| Days to Answer | Type of Service |
|---|---|
| 30 | Secretary of State |
| 20 | Certified Mail |

Street

City, State, Zip

Street

City, State, Zip

Original and 4 copies of complaint enclosed/attached.

SCA-C100.02 / 1 of 2

| PLAINTIFF: Timothy Cumpston | CASE NUMBER: 17-C-112-1 |
|---|---|
| DEFENDANT: Central Supply Company of WV and Patrick S. Tu[?] | |

## II. TYPE OF CASE:

- [x] General Civil
- [ ] Mass Litigation (As defined in T.C.R. Rule XIX (c))
  - [ ] Asbestos
  - [ ] Carpal Tunnel Syndrome
  - [ ] Diet Drugs
  - [ ] Environmental
  - [ ] Industrial Hearing Loss
  - [ ] Silicone Implants
  - [ ] Other: _____

- [ ] Adoption
- [ ] Administrative Agency Appeal
- [ ] Civil Appeal from Magistrate Court
- [ ] Miscellaneous Civil Petition
- [ ] Mental Hygiene
- [ ] Guardianship
- [ ] Medical Malpractice

- [ ] Habeas Corpus/Other Extraordinary Writ
- [ ] Other: _____

## III. JURY DEMAND: [x] Yes [ ] No

CASE WILL BE READY FOR TRIAL BY (MONTH/YEAR): 12 / 2018

## IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY? [ ] YES [x] NO

IF YES, PLEASE SPECIFY:

- [ ] Wheelchair accessible hearing room and other facilities
- [ ] Interpreter or other auxiliary aid for the hearing impaired
- [ ] Reader or other auxiliary aid for the visually impaired
- [ ] Spokesperson or other auxiliary aid for the speech impaired
- [ ] Other: _____

Attorney Name: Karl Kolenich, Esq. (12446)
Firm: Klie Law Offices, PLLC
Address: 85 W. Main St. Buckhannon, WV
Telephone: (304) 472-5007
Dated: 3/27/2017

Representing:
- [x] Plaintiff [ ] Defendant
- [ ] Cross-Complainant [ ] Cross-Defendant

Signature

- [ ] Proceeding Without an Attorney

SCA-C100.02 / 2 of 2

IN THE CIRCUIT COURT OF HARRISON COUNTY, WEST VIRGINIA

TIMOTHY CUMPSTON,

    Plaintiff,

v.                                         CASE NO.: 17-C-112-1

CENTRAL SUPPLY COMPANY
OF WEST VIRGINIA,
and PATRICK SCOTT TUCKER,
    Defendants.

## COMPLAINT

NOW COMES the Plaintiff, Timothy Cumpston, and for his cause of action against the Defendants, Central Supply Company of West Virginia and Patrick Scott Tucker, states and alleges as follows, to-wit:

1. Plaintiff, Timothy Cumpston, (hereinafter referred to as "Plaintiff" or "Plaintiff Cumpston" where appropriate) is an adult individual and resident of Fairmont, Marion County, West Virginia.

2. Defendant, Central Supply Company of West Virginia (hereinafter referred to as "Defendant Central Supply") is a Domestic Corporation licensed and authorized to do business in the state of West Virginia and actively, systematically conducting contracting, and transacting business in West Virginia; Defendant Central Supply has a principal business address of 4923 Benedum Drive, Bridgeport, WV 26330, and a Notice of Process contact of Corporation Service Company, 209 West Washington Street, Charleston, WV 25302.

3. Defendant, Patrick Scott Tucker, (hereinafter referred to as "Defendant Tucker") is an adult individual and resident of Marion County, West Virginia.

Page 1 of 8

4. Upon information and belief and at all times relevant herein, Defendant Tucker is the Building Supply Manager for Defendant Central Supply and was Plaintiff Cumpston's direct supervisor during his employment with Defendant.

5. Beginning on or about 1982, Plaintiff was hired by Defendant Central Supply as a boom truck operator.

6. Plaintiff was employed with Defendant through 1989 and then re-hired in 1994.

7. Plaintiff was eligible for disability benefits and medical leave.

8. During the duration of his employment with Defendant, Plaintiff Cumpston performed all of his job duties in a satisfactory and/or above satisfactory manner and never committed any dischargeable offense.

9. On or about July 25, 2016, Plaintiff began experiencing severe stomach pain for which he contacted his physician, Dr. C. Andrew Heiskell, MD., who informed him that they would need to perform a Colonoscopy.

10. On or about August 3, 2016, Plaintiff underwent said Colonoscopy, followed by a Barium x-ray on or about August 4, 2016, at which time he was informed that he would need to undergo surgery for diverticulitis.

11. On or about August 18, 2016, Plaintiff contacted his supervisor, Defendant Tucker, to inform him that he had surgery scheduled for September 7, 2016, and that he would need approximately 6 to 8 weeks of medical leave to recover from the same.

12. On or about August 19, 2016, Plaintiff received a text message from Defendant Tucker notifying him that he would need to meet with Beth Nuzum in the Human Resource Department the following Monday.

13. On or about Monday, August 22, 2016, Plaintiff arrived for his meeting with Ms. Nuzum at 8:00 a.m. and was informed that Defendant Central Supply was cutting back employees and that his position was being terminated.

## COUNT 1- *Violation of FMLA*

14. Plaintiff hereby restates each and every allegation contained in paragraphs one (1) through thirteen (13) of this Complaint as if fully rewritten herein.

15. Defendant Central Supply is a covered employer under the FMLA as it employs 50 or more employees.

16. Plaintiff is a covered employee under FMLA as he had worked for Defendant Central Supply for a minimum of 12 months and worked a minimum of 1,250 hours over the previous 12 months.

17. On or about August 18, 2016, Plaintiff notified Defendants that he would require medical leave for a necessary surgery. Plaintiff medical condition qualified him for FMLA leave as it was a serious health condition that prevented him from performing the essential functions of his job.

18. On or about August 22, 2016, Plaintiff's employment was terminated, wrongfully denying him of FMLA benefits.

19. As a result of the wrongful acts of Defendants, Plaintiff Cumpston has been caused to suffer serious losses and damages, including by not limited to, past lost wages and/or back pay, past lost benefits, future lost wages or front pay, future loss of benefits, financial distress, fear, humiliation, embarrassment, past and future anxiety, depression and emotional distress, attorney fees, and litigation costs, as more particularly set forth hereinafter.

## COUNT 2 - *Disability Discrimination*

20. Plaintiff hereby restates each and every allegation contained in paragraphs one (1) through nineteen (19) of this Complaint as if fully rewritten herein.

21. As a result of his medical condition, Plaintiff was required to have surgery and thus unable to perform his work duties for approximately 6 to 8 weeks.

22. Based upon information and belief, Defendant Central Supply, and/or its agents, servants or employees made the decision to terminate Plaintiff's employment after being informed of his need for medical leave.

23. Further, based upon information and belief, Defendant Central Supply informed Plaintiff that his position was being cut; however, Defendant Central Supply subsequently posted listings for Plaintiff's position and accepted applications for new employees to fill the same.

24. Plaintiff was treated in a disparate manner based, at least in part, upon his illness and disability.

25. The acts and/or omissions of Defendant Central Supply as herein alleged constitute discrimination in violation of the West Virginia Human Rights Acts and directly and proximately caused the Plaintiff to suffer injuries, damages and losses as hereinafter set forth.

## COUNT 3 - *Retaliatory Discharge*

26. Plaintiff hereby restates each and every allegation set forth in paragraphs one (1) through twenty five (25) of this Complaint as if fully rewritten herein.

27. On or about August 4, 2016, Plaintiff was informed of his need for surgery.

28. On or about August 18, 2016, Plaintiff informed Defendant Central Supply and Defendant Tucker of said surgery and the date for the same.

29. On or about August 22, 2016, Plaintiff was informed that his employment was being terminated.

30. Plaintiff's termination was done in such a close time frame to his request for medical leave, that retaliatory discharge can be reasonably inferred.

31. Plaintiff Cumpston's termination was wholly or in part due to his desire to use short term disability leave benefits.

32. As a result of the acts and/or omissions of Defendants, Plaintiff was caused to suffer severe damages and losses as hereinafter set forth.

## COUNT 4 - *Violation of the West Virginia Wage Payment and Collection Act*

33. Plaintiff hereby restates each and every allegation set forth in paragraphs one (1) through thirty two (32) of this Complaint as if fully rewritten herein.

34. There exists by operation of law the West Virginia Wage Payment and Collection Act pursuant to West Virginia Code § 21-5-1 *et seq*.

35. Defendant Central Supply breached West Virginia law through its failure to pay Plaintiff the wages accumulated for paid time off.

36. As a direct and proximate results of these acts and/or omissions of Defendant Central Supply, Plaintiff Cumpston was caused to suffer severe damages and losses as more particularly set forth hereinafter.

## COUNT 5 - *Tort of Outrage*

37. Plaintiff hereby restates each and every allegation contained in paragraph one (1) through thirty six (36) of this Complaint as if fully rewritten herein.

38. The wrongful employment acts and/or omissions taken by Defendants against Plaintiff were done in a severe and outrageous manner and were so extreme as to be intolerable in a civilized society.

39. Defendants acted intentionally or recklessly in causing Plaintiff extreme emotional distress and know that said distress was likely to occur.

40. As a result of the acts and/or omissions of Defendants, Plaintiff was caused to suffer injuries, damages and losses as hereinafter set forth.

## COUNT 6 - *Short Term Disability Insurance Retaliation*

41. Plaintiff hereby realleges each and every allegation contained in Paragraphs One (1) through Forty (40) of this Complaint as if fully rewritten herein.

42. Plaintiff was engaged in applying for short-term disability benefits under his benefit package with Defendant.

43. Defendant was aware Plaintiff was engaged in applying for short-term disability benefits under his benefit package with Defendant.

44. Plaintiff's discharge was followed be his filing for said benefits within a time period that retaliatory discharge can be inferred.

45. Plaintiff did not commit any dischargeable offense.

## DAMAGES

46. Plaintiff hereby restates each and every allegation contained in paragraph one (1) through forty five (45) of this Complaint as if fully rewritten herein.

47. As a direct a proximate result of the acts and/or omissions of Defendant Central Supply and Defendant Tucker, Plaintiff Cumpston was caused to suffer injuries, damages and losses including but not limited to, past and future lost wages, past and future lost

benefits, emotional distress, anxiety, depression, fear, embarrassment, humiliation, financial hardship and attorney fees.

48. All of the acts and/or omissions of Defendant were willful, wonton, and malicious and/or reckless.

WHEREFORE, Plaintiff Cumpston demands judgment against the Defendants, jointly and severally, in an amount in excess of the minimum jurisdictional limits and an amount that would adequately compensate him for the unlawful acts and/or omissions and violations of law by Defendants. Further, Plaintiff demands punitive damages in an amount adequate to punish and deter Defendants from committing this type of conduct in the State of West Virginia in the future and in such amounts as will satisfy all other reasons of law and public policy for an award of punitive damages; and Plaintiff further prays for an award of attorney fees, costs interests and for such other relief as the Court of jury deems just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES.

Respectfully Submitted,
Timothy Cumpston,
*By Counsel*,

Karl Kolenich, Esq. (12446)
Klie Law Offices, PLLC
85 W. Main St.
Buckhannon, WV 26201
(304) 472-5007
Facsimile: 304-472-1126
karl@klielawoffices.com

# VERIFICATION

STATE OF West Virginia;

COUNTY OF Marion ; TO-WIT:

I, Timothy Cumpston, the Plaintiff named in the foregoing COMPLAINT after being first duly sworn, do hereby swear that the facts and allegations therein contained are true, except insofar as they are therein stated to be upon information and belief, and insofar as they are therein stated to be upon information and belief, I believe them to be true.

Timothy Cumpston

Taken, subscribed, and sworn to before me, a Notary Public, by Timothy Cumpston on this the 21st day of MAR, 2017.

My Commission expires: 09/21/2019

Notary Public



OFFICIAL SEAL
STATE OF WEST VIRGINIA
NOTARY PUBLIC
DAVID RICHARDSON
RICHARDSON INSURANCE AGENCY
607 E. PARK AVENUE
FAIRMONT, WV 26554
My commission expires September 21, 2019

Page 8 of 8